# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)



UNITED STATES OF AMERICA,

  Plaintiff,          FILED UNDER SEAL

  v.              CASE NO.  26-cr-10099-01-02-EFM

AMBROSE J. ARAGON-ORTIZ and
ZAVIEN L. GOUGE,

  Defendants.

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND
TO DISTRIBUTE COCAINE
[21 U.S.C. § 846]**

Beginning on or about a date unknown to the grand jury and continuing through on or about March 13, 2026, in the District of Kansas, and elsewhere, the defendants,

**AMBROSE J. ARAGON-ORTIZ and
ZAVIEN L. GOUGE,**

knowingly and intentionally combined, conspired, confederated, and agreed with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, distribute and possess with intent to

1

distribute a mixture or substance containing a detectable amount of Cocaine, a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

With respect to defendants AMBROSE J. ARAGON-ORTIZ and ZAVIEN L. GOUGE, each defendant's conduct as a member of the conspiracy charged in this Count includes drug quantities that the defendant directly handled within the scope of the charged conspiracy, as well as drug quantities that were handled by other members of the conspiracy within the scope of the charged conspiracy that were reasonably foreseeable to the defendant, and involved 500 grams and more of a mixture or substance containing a detectable amount of cocaine, a controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

In violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

## COUNT 2

### DISTRIBUTION OF COCAINE
### [21 U.S.C. § 841(a)(1)]

On or about December 16, 2025, in the District of Kansas, the defendant,

### AMBROSE J. ARAGON-ORTIZ,

knowingly and intentionally distributed a mixture or substance containing a detectable amount of cocaine, a schedule II-controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 3

**DISTRIBUTION OF COCAINE**
**[21 U.S.C. § 841(a)(1)]**

On or about December 31, 2025, in the District of Kansas, the defendant,

**AMBROSE J. ARAGON-ORTIZ,**

knowingly and intentionally distributed a mixture or substance containing a detectable amount of cocaine, a schedule II-controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 4

**DISTRIBUTION OF COCAINE**
**[21 U.S.C. § 841(a)(1)]**

On or about January 7, 2026, in the District of Kansas, the defendant,

**AMBROSE J. ARAGON-ORTIZ,**

knowingly and intentionally distributed a mixture or substance containing a detectable amount of cocaine, a schedule II-controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 5

**DISTRIBUTION OF COCAINE**
**[21 U.S.C. § 841(a)(1)]**

On or about January 27, 2026, in the District of Kansas, the defendant,

**AMBROSE J. ARAGON-ORTIZ,**

knowingly and intentionally distributed a mixture or substance containing a detectable amount of cocaine, a schedule II-controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 6

**DISTRIBUTION OF COCAINE**
**[21 U.S.C. § 841(a)(1)]**

On or about February 26, 2026, in the District of Kansas, the defendant,

**AMBROSE J. ARAGON-ORTIZ,**

knowingly and intentionally distributed a mixture or substance containing a detectable amount of cocaine, a schedule II-controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 7

**DISTRIBUTION OF COCAINE**
**[21 U.S.C. § 841(a)(1)]**

On or about March 13, 2026, in the District of Kansas, the defendants,

**AMBROSE J. ARAGON-ORTIZ and**
**ZAVIEN L. GOUGE,**

knowingly and intentionally distributed 500 grams and more of a mixture or substance containing a detectable amount of cocaine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT 8

**POSSESSION WITH INTENT TO DISTRIBUTE COCAINE**
**[21 U.S.C. § 841(a)(1)]**

On or about March 13, 2026, in the District of Kansas, the defendant,

**ZAVIEN L. GOUGE,**

4

knowingly and intentionally possessed with intent to distribute 500 grams and more of a mixture or substance containing a detectable amount of cocaine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

## COUNT 9

**POSSESSION WITH INTENT TO DISTRIBUTE COCAINE**
**[21 U.S.C. § 841(a)(1)]**

On or about March 13, 2026, in the District of Kansas, the defendant,

**AMBROSE J. ARAGON-ORTIZ,**

knowingly and intentionally possessed with intent to distribute a mixture or substance containing a detectable amount of cocaine, a schedule II-controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT 10

**POSSESSION OF A FIREARM**
**IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**
**[18 U.S.C. § 924(c)(1)(A)]**

On or about March 13, 2026, in the District of Kansas, the defendant,

**AMBROSE J. ARAGON-ORTIZ,**

knowingly possessed a firearm in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, as charged in Count 8.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i) and 2.

5

# COUNT 11

### USING OR MAINTAINING DRUG PREMISES
### [21 U.S.C. § 856(a)(1)]

Beginning on or about a date unknown to the grand jury, and continuing through on or about March 13, 2026, in the District of Kansas, the defendant,

**AMBROSE J. ARAGON-ORTIZ,**

unlawfully and knowingly used and maintained a place located at 115 South Chautauqua Avenue in Wichita, Kansas, permanently and temporarily, for the purpose of distributing and using a controlled substance, that is, cocaine, marijuana, and tetrahydrocannabinol.

In violation of Title 21, United States Code, Section 856(a)(1) and Title 18, United States Code, Section 2.

## FORFEITURE NOTICE

1.      The allegations contained in Counts 1 through 11 this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853 and Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of the offenses set forth in Counts 1-9 and 11 of this Indictment, the defendants,

**AMBROSE J. ARAGON-ORTIZ** (Cts. 1-7, 9, 11) and
**ZAVIEN L. GOUGE (**Cts. 1, 7-8),

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting or derived from any proceeds obtained, directly or indirectly, as the

result of such offense and any property used or intended to be used, in any manner or part, to commit or to facilitate the commission of the offense, including but not limited to:

      A.      An SCCY, model CPX2, 9mm caliber pistol, bearing serial number 188522;

      B.      Accompanying ammunition; and

      C.      A forfeiture judgment imposed against each defendant in an amount equal to the gross proceeds obtained by that defendant.

3.      Upon conviction of one or more of the offenses set forth in Counts 1 through 11 of this Indictment, the defendants,

**AMBROSE J. ARAGON-ORTIZ** (Cts. 1-7, 9-11) and
**ZAVIEN L. GOUGE** (Cts. 1, 7-8),

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in the commission of the offenses, including, but not limited to:

      A.      An SCCY, model CPX2, 9mm caliber pistol, bearing serial number 188522; and

      B.      Accompanying ammunition.

4.      If any of the property described above, as a result of any act or omission of the defendants:

      A.      cannot be located upon the exercise of due diligence;

      B.      has been transferred or sold to, or deposited with, a third party;

      C.      has been placed beyond the jurisdiction of the court;

      D.      has been substantially diminished in value; or

E.    has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 924(d), Title 28, United States

Code, Section 2461(c), and Title 21, United States Code, Section 853.

A TRUE BILL.


June 16, 2026                                         s/Foreperson
DATE                                                 FOREPERSON OF THE GRAND JURY


RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: /s/ *Oladotun O. Odeyemi*
OLADOTUN O. ODEYEMI
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: ola.odeyemi@usdoj.gov
Ks. S. Ct. No. 29178


IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

## PENALTIES

**Counts 1, 7-8:**      **21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1), (b)(1)(B))**
**Cocaine Conspiracy Distribution of and PWITD Cocaine**

- Punishable by a term of imprisonment of not less than five (5) years and not more than 40 years.  21 U.S.C. § 841(b)(1)(B).
- A term of supervised release of not less than four (4) years.  21 U.S.C. § 841(b)(1)(B).
- A fine not to exceed $5 million. 21 U.S.C. § 841(b)(1)(B).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of not less than ten (10) years and no more than life. 21 U.S.C. § 841(b)(1)(B).
- A term of supervised release of at least eight (8) years. 21 U.S.C. § 841(b)(1)(B).
- A fine not to exceed $8 million. 21 U.S.C. § 841(b)(1)(B).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Counts 2-6 & 9:**      **21 U.S.C. §§ 841(a)(1) and (b)(1)(C)**
**Distribution of and Possession with intent to Distribute Cocaine**

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least three (3) years.  21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a felony drug offense has become final, the penalties are:

- A term of imprisonment of not more than thirty (30) years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 10:    18 U.S.C. § 924(c)**
**Possession of a Firearm in Furtherance of a Drug Trafficking Crime**

- Punishable by a term of imprisonment of not less than five (5) years and no more than life.  18 U.S.C. § 924(c)(1)(A)(i).  This term of imprisonment runs consecutive to any other term of imprisonment imposed on the defendant.  18 U.S.C. § 924(c)(1)(D)(ii).  If the defendant has a prior conviction for a violation of § 924(c)(1)(A), the instant offense is punishable by a term of imprisonment of not less than twenty-five (25) years and not more than life.  18 U.S.C. § 924(c)(1)(C)(i).
- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).
- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

**Count 11:    21 U.S.C. § 856(a)(1)**
**Using or Maintaining Drug Premises**

- Punishable by a term of imprisonment of not more than twenty (20) years.  21 U.S.C. § 856(b).
- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(1).
- A fine not to exceed $500,000.  21 U.S.C. § 856(b).
- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

10